IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS M. MILAM**                                                               **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:22-CV-35-CWR-FKB**

**BLUE CROSS AND BLUE SHIELD OF ALABAMA**                                **DEFENDANT**

## ORDER

Before the Court are the defendant's motions to dismiss and to strike jury demand. Docket No. 4. The defendant seeks to proceed solely under an ERISA cause of action. The plaintiff opposes both motions and the ERISA request.

On review, the motions will be denied.

**I.**     **Factual and Procedural History**

In 2021, Thomas M. Milam and his family were covered under a health insurance plan issued by Blue Cross and Blue Shield of Alabama ("BCBS of AL"). In this action, Milam contends that BCBS of AL wrongfully delayed coverage for certain medical care his son received in March and April of that year.

BCBS of AL had rejected all of Milam's claims. Only after his attorney sent a demand letter, Milam contends that BCBS of AL finally acknowledged that his son's treatment was medically necessary, and benefits would be provided for his son's treatment for those months. That acknowledgment came more than 240 days after Milam submitted his initial claim. During that period his son "was without health coverage for a serious medical condition that was actually covered under the Policy." Docket No. 8 at 3.

Milam filed this action in state court lodging breach of contract, negligence, and bad faith denial of insurance benefits theories. He sought compensatory and punitive damages.

After removing the lawsuit here, BCBS of AL filed the present motions. It argues that this is properly an ERISA action subject to a non-jury trial. Milam disagrees that his health insurance policy is an ERISA plan, as he claims that there were no other employees receiving benefits.

## II.     Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.    Discussion

ERISA applies to "employee benefit plan[s]." 29 U.S.C. § 1003(a). "'[E]mployee benefit plan,'" in turn, "means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." *Id.* § 1002(3).

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds,

> or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

*Id.* § 1002(1).

"ERISA preemption is based on the existence *vel non* of an employee benefit plan, and [] an employee benefit plan necessarily must center on the existence of an employer and an employee." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 354 (5th Cir. 1993). Where there are no employees, an insurance policy is not an ERISA plan. *See* 29 C.F.R. § 2510.3-3(b).

In *Meredith*, a sole proprietor's "act of purchasing insurance for herself and her husband, although done under the color of her commercial status, did not create an employee welfare benefit plan." 980 F.2d at 357. As a result, the plaintiff's "state-law claims" were "not preempted." *Id.* at 358; *see also Juanopulos v. Salus Claims Mgmt. LLC*, 518 F. Supp. 3d 973, 977 (S.D. Tex. 2021).

Here, the parties dispute whether Milam was insured as a sole proprietor of his law firm or, instead, as an employee of an entity called "Lyons HR, LLC." *See, e.g.*, *Yearous v. Pacificare of California*, 554 F. Supp. 2d 1132, 1138 (S.D. Cal. 2007). There is a great deal of new evidence attached to BCBS of AL's rebuttal regarding Milam's employment status—evidence that Milam has not had the chance to test or challenge under the ordinary briefing schedule. BCBS of AL also suggests that there are other ramifications to Milam if he truly is not an employee of Lyons.

The Court concludes that the issue of Milam's employment should not be resolved in the present procedural posture. Guided by the Magistrate Judge, the parties should instead engage in limited discovery about Milam's employment before proceeding with the merits of this suit. BCBS of AL's motion to dismiss is therefore denied without prejudice to its refiling as an early motion for summary judgment at an appropriate juncture.

## IV. Conclusion

The motions are denied.

**SO ORDERED**, this the 11th day of March, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE